IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Aetaekayakalua Shimoyama Riley, | ) | Civil Action No. 8:25-cv-08398-TMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Samsung Electronics Home Appliances America, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, a *pro se* litigant, brought this action against Defendant, his former employer, asserting numerous employment-related discrimination claims, including claims for discrimination and retaliation under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq*.; the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*.; Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq*.; and Sections 503 and 504 of the Rehabilitation Act.  Plaintiff also asserts a state law claim for constructive discharge and for violations of South Carolina Human Affairs Law ("SCHAL") S.C. Code Ann. § 1-13-10 *et seq*.  In accordance with 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e), (g) (D.S.C.), this matter was referred automatically to a United States Magistrate Judge for all pretrial proceedings.  Defendant subsequently filed a motion to dismiss and compel arbitration of Plaintiff's claims.  (ECF No. 28). Plaintiff filed a response in opposition to Defendant's motion, (ECF No. 32), and Defendant filed a reply, (ECF No. 36).

Now before the Court is the magistrate judge's Report and Recommendation ("Report") recommending that the Court grant Defendant's motion in part, compelling arbitration of

Plaintiff's claims but staying rather than dismissing this action pending such arbitration. (ECF No. 37). Plaintiff submitted objections to the Report (ECF No. 39), to which Defendant replied, (ECF No. 41). The Court concludes that the materials submitted by the parties adequately develop the issues before the Court and that a hearing is unnecessary.

## Standard of Review

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) (noting that "when confronted with the objection of a *pro se* litigant, [the court] must also be mindful of [its] responsibility to construe *pro se* filings liberally"). Accordingly, "when reviewing *pro se* objections to a magistrate's recommendation, district courts must review *de novo* any articulated grounds to which the litigant appears to take issue." *Elijah*, 66 F.4th at 460–61. This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Stratton v. Mecklenburg Cty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

## Discussion

### Report

The Report sets forth a detailed recitation of the relevant facts, (ECF No. 37 at 2–4), and a thorough summary of the applicable standards of law on this matter, *id*. at 4–5. Because neither party objects to these portions of the Report, and the Court finds no clear error therein, the Court incorporates those facts and standards without further recitation.

With respect to the Report's analysis, the magistrate judge reached the following conclusions. As an initial matter, the magistrate judge noted that "the parties do not dispute the arbitration provisions at issue purport to cover the dispute at issue or that the arbitration agreement

is a binding contract between the parties." *Id*. at 6.[1] The Report then rejected Plaintiff's contention that statutory discrimination claims such as those asserted in this case cannot be subject to compulsory arbitration, citing Supreme Court and Fourth Circuit authority expressly stating such claims may be arbitrated under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 – 16. *Id*. at 6–7. The Report next disagreed with Plaintiff's position that the arbitration provision is unconscionable—and thus unenforceable. *Id*. at 8–11. The magistrate judge noted that an arbitration agreement is not unenforceable merely because a prospective employee is required to accept it as a condition of employment. *Id*. at 9. The magistrate judge further determined that the fee-splitting provision in the arbitration agreement does not render it unconscionable and unenforceable. *Id*. at 10. Specifically, the magistrate judge found that Plaintiff failed to carry his "'"substantial" burden of showing a likelihood of incurring prohibitive arbitration costs,'" *id*. (quoting *Muriithi v. Shuttle Express, Inc*., 712 F.3d 173, 181 (4th Cir. 2013)), explaining that

> under the applicable Arbitration Agreement, Plaintiff is responsible for (1) "the filing fee, which the Employee would have paid if the action had been brought in state or federal court (whichever jurisdiction provides for lower filing fees);" (2) "one-half of the court reporter's fees, assuming both parties require a transcript of proceedings. If one party elects not to receive a transcript, the other party will bear the court reporter's entire fee;" and (3) "[e]ach party shall be responsible for payment of its attorneys' fees, unless an award of attorneys' fees is justified under applicable law and made by the Arbitrator."

*Id*. at 10–11 (quoting (ECF No. 28-2 at 3–4)). The magistrate judge also rejected Plaintiff's unconscionability argument to the extent it was based on the deadlines to invoke arbitration as

---

[1] "A party can compel arbitration if he establishes: (1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute." *Am. Gen. Life & Acc. Ins. Co. v. Wood*, 429 F.3d 83, 87 (4th Cir. 2005) (internal quotation marks omitted). In addition to the finding that element number two is undisputed, the magistrate judge found that there is a dispute between the parties regarding Plaintiff's employment with Defendant, that this dispute involves interstate commerce, and that Plaintiff failed to arbitrate the dispute prior to bringing this lawsuit. (ECF No. 37 at 6).

4

applied to both parties or Defendant's purported efforts to impede Plaintiff from participating in the "pre-arbitration" process; the magistrate judge could find no basis for finding that Plaintiff was preventing from initiating arbitration under the Arbitration Agreement. *See id*. at 11 n.4.

The Report then addressed Plaintiff's contention that Defendant waived its ability to arbitrate her claims. (ECF No. 37 at 11–14). As to Plaintiff's suggestion that Defendant waived arbitration by participating in EEOC proceedings and the "delay" before moving to compel arbitration, the Report found no indication that Defendant knowingly relinquished the right to arbitrate by acting inconsistently with that right. *Id*. at 12 ("Here, the court finds no indication that Defendant 'was testing the waters while keeping arbitration in its back pocket to be played if it sensed the litigation turning sideways.'" (quoting *Sarver v. Claiborne Senior Living*, LLC, No. 24-2074, 2025 WL 2911118, at *2 (4th Cir. Oct. 14, 2025))). The magistrate judge found that "[i]n this case, [Defendant] filed its Motion to Dismiss and to Compel Arbitration in response to Plaintiff's Complaint. There was no earlier time for [Defendant] to invoke arbitration." *Id*. at 12 n.5. Thus, the magistrate judge rejected the argument that Defendant waived arbitration of Plaintiff's claims.

Lastly, after concluding that Defendant's motion to compel arbitration ought to be granted, the magistrate judge disagreed with Defendant that Plaintiff's action should be dismissed rather than stayed, noting that Plaintiff requested a stay in this action in the event the Court orders arbitration and concluding that the express language of Section 3 of the FAA compels the Court to stay the proceedings. *Id*. at 14–15; *see* 9 U.S.C. § 3 ("[T]he court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, *shall on application of one of the parties stay the trial of the action* until

such arbitration has been had in accordance with the terms of the agreement . . .."). Defendant has not objected to this or any other portion of the Report.

*Objections*

The Court turns to Plaintiff's specific objections. First, to the extent Plaintiff contends that enforcing arbitration of Plaintiff's ADA and Title VII claims would contravene public policy, *see* (ECF No. 39 at 28), the Court disagrees for the reasons set forth at length by the magistrate judge in the Report, *see* (ECF No. 37 at 6–7).  Second, Plaintiff repeats his argument that Defendant waived arbitration of Plaintiff's claims through its conduct, (ECF No. 39 at 13–20), and that the Report failed to address this argument, *id*. at 24–25.  The magistrate judge addressed this argument in detail, however, (ECF No. 37 at 11–14), and Plaintiff has failed to identify any error in the magistrate judge's waiver analysis.  To the extent Plaintiff argues that the Report misapplies *Morgan v Sundance*, 596 U.S. 411 (2022), *see* (ECF No. 39 at 13, 23), the Court disagrees.  The magistrate judge did not require a showing of prejudice, as Plaintiff argues.  The magistrate judge cited the proper standard and applied it correctly, noting in particular that Defendant invoked arbitration "in response to Plaintiff's Complaint" which was the "earli[est] time" to do so. (ECF No. 37 at 12 n.5).[2]  The Court overrules these objections.

Next, Plaintiff argues that the Report erroneously failed to conclude that the arbitration provision is unenforceable because it is procedurally and/or substantively unconscionable. (ECF No. 39 at 20–25, 26).  Plaintiff contends that the arbitration agreement is substantively unconscionable because arbitration would not permit him to effectively vindicate his statutory

---

[2] Plaintiff also appears to argue, without citation to the record or relevant authority, that Defendant was required to arbitrate before making internal disciplinary decisions or terminating Plaintiff's employment, and that the failure to do so constitutes waiver of the right to arbitrate.  The Court finds no basis for concluding that the Report erroneously found that Defendant did not waive arbitration.

6

rights. *Id*. at 21–22. The Court rejects this contention. As Defendant noted in its reply to Plaintiff's opposition to the motion to compel arbitration, "Plaintiff fails to identify any provision of the Arbitration Agreement between him and [Defendant], which limits the availability of any statutory relief" and, in fact, the Arbitration Agreement defines Title VII and ADA claims as "covered claims" and "expressly provides, '[i]n making an award the Arbitrator shall have the authority to make any finding congruent with Applicable South Carolina or federal law." (ECF No. 36 at 3 (quoting ECF No. 28-2 at 2–3)). Additionally, for the reasons set forth in the Report, the Court likewise rejects Plaintiff's argument that the arbitration provision is procedurally unconscionable because arbitration was presented on a take-it-or-leave it basis as a condition of employment and, therefore, Plaintiff had no time to review the agreement and felt pressured to sign. *See* (ECF No. 37 at 9). Under South Carolina law, an arbitration agreement is unconscionable where there is an "absence of meaningful choice on the part of one party due to one-sided contract provisions, together with terms that are so oppressive that no reasonable person would make them and no fair and honest person would accept them." *Smith v. D.R. Horton, Inc.*, 790 S.E.2d 1, 4 (S.C. 2016). Plaintiff has failed to show that the terms of the arbitration provision are so oppressive that no reasonable person would accept them under the circumstances. Accordingly, the Court overrules this objection as well.

Finally, Plaintiff objects to the Report on the basis that there was no mutual assent or meeting of the minds as to arbitration—that is, no underlying arbitration agreement was formed in the first instance. (ECF No. 39 at 7–13, 25). The Report did not address this issue because it was not clear to the magistrate judge that Plaintiff "dispute[d] . . . that the arbitration agreement is a binding contract between the parties." (ECF No. 37 at 6). This conclusion is understandable given Plaintiff's failure to fully develop this position in response to Defendant's motion to compel

7

arbitration; however, Plaintiff did argue in passing that there was an "absence of mutual assent and deficient contract formation." (ECF No. 32 at 9). Out of an abundance of caution for Plaintiff's *pro se* status, the Court is constrained to conclude that Plaintiff's contract formation argument ought to be addressed directly.

## Conclusion

The Court, having reviewed the excellent Report *de novo*, agrees with the magistrate judge's findings and conclusions rejecting Plaintiff's arguments based on public policy, unconscionability and waiver and, therefore, **ADOPTS** those portions of the Report. Likewise, the Court **ADOPTS** the magistrate judge's conclusion that, should Plaintiff's claims be sent to arbitration, the case must be stayed rather than dismissed. However, as stated, the Court also is forced to conclude that the best course is to squarely address Plaintiff's contract formation argument. Accordingly, the Court **ADOPTS in part** the Report (ECF No. 37) but recommits the matter to the magistrate judge for analysis of the single issue of contract formation. The magistrate judge may, in her discretion, accept limited additional briefing or conduct a hearing on the issue but is not required to do so.

**IT IS SO ORDERED**.

s/Timothy M. Cain
Chief United States District Judge

Anderson, South Carolina
January 8, 2026

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.