IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Aetaekayakalua Shimoyama Riley, Plaintiff, vs. Samsung Electronics Home Appliances America, LLC, Defendant. | C/A No.: 8:25-8398-TMC-TER<br><br>ORDER AND REPORT AND RECOMMENDATION |

In this employment discrimination case, Aetaekayakalua Shimoyama Riley ("Plaintiff"), proceeding pro se, sues Samsung Electronics Home Appliances America, LLC ("Defendant" or "SEHA"), and asserts claims, including for discrimination and retaliation, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*, Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and Sections 503 and 504 of the Rehabilitation Act and under South Carolina law for constructive discharge and for violations of South Carolina Human Affairs Law ("SCHAL") S.C. Code Ann. § 1-13-10 *et seq.* [*See* ECF No. 9 at 5 ("This action arises from wrongful termination, disability discrimination, retaliation, and violations of federal and South Carolina law.")].

This matter comes before the court on the following motions: Defendant's

motion to dismiss and to compel arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16. [ECF No. 28];[1] Defendant's motion for summary judgment on the limited issue of contract formation [ECF No. 55]; and Plaintiff's motion to compel production of complete onboarding documents [ECF No. 61]. All pretrial proceedings in this case were referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(g) (D.S.C.).

## I. Factual and Procedural Background

### A. Relevant Facts

In 2018, Defendant began commercial production at its first U.S.-based home appliance manufacturing facility in Newberry County, South Carolina. [ECF No. 28-1 ¶ 3]. Defendant manufactures washing machines, producing the products' washer cabinets, inner tubs, and bases from blank steel. *Id.* The plant has two assembly lines that combine made-in-house components with supplied modules. *Id.* Those products are then packed for shipment to consumers nationwide. *Id.*

On or around December 23, 2024, Defendant hired Plaintiff to work as a Process Innovation Technician. *Id.* ¶ 5. Plaintiff continued to work until his

[1] This motion has partially been ruled on as discussed further in the recitation of the procedural history.

employment was terminated for attendance violations. *Id.* Plaintiff's termination was effective on or around March 5, 2025. *Id.* As a condition of his employment with Defendant, on December 23, 2024, Plaintiff signed Defendant's Alternative Dispute Resolution Program, which included a mutual Mediation and Arbitration Agreement. [ECF No. 28-2 ("Arbitration Agreement")].

The Arbitration Agreement includes the following provisions:

> **Agreement to Submit to Arbitration**. In consideration for and as a material condition of employment with SEHA, final and binding arbitration is the exclusive means for Employees to resolve covered claims. SEHA likewise agrees to submit covered claims to arbitration. Employee and SEHA are each waiving their rights to trial by jury in exchange for arbitration. No other action may be brought in court or in any other forum. This Agreement is a waiver of all rights to a civil court action for a covered claim. Only the Arbitrator, not a judge or jury, will decide the claim . . . .
>
> **Covered Claims**. Claims covered by this Agreement include claims against SEHA, its partners, parent company, directors, officers, managers, supervisors, Employees and agents and any of their assignees or successors, and include, but are not limited to, the following claims: (a) alleged violations of federal, state and/or local constitutions, statutes, regulations or ordinances, including, but not limited to, laws dealing with unlawful discrimination and harassment (but not sexual harassment); (b) claims based on any purported breach of contractual obligation, including but not limited to breach of the covenant of good faith and fair dealing, wrongful termination, retaliation, or constructive discharge; (c) alleged violations of public policy; (d) claims based in contract or tort (but not sexual assault) ; (e) claims for wages or other compensation due; and (f) any and all other legal claims arising out of Employee's employment with or termination by SEHA.

> THIS INCLUDES, BUT IS NOT LIMITED TO, CLAIMS BROUGHT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, THE CIVIL RIGHTS ACT OF 1991, THE AGE DISCRIMINATION IN EMPLOYMENT ACT, THE REHABILITATION ACT OF 1973, THE AMERICANS WITH DISABILITY ACT, THE FAMILY AND MEDICAL LEAVE ACT OF 1993, THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; AND ANY OTHER FEDERAL, STATE OR LOCAL EMPLOYMENT OR LABOR LAWS, INCLUDING THOSE LAWS RELATING Tb DISCRIMINATION BASED ON THE FOLLOWING PROTECTED CATEGORIES AMONG ANY OTHERS: SEX AND GENDER; RACE; RELIGION; NATIONAL ORIGIN; MENTAL OR PHYSICAL DISABILITY; VETERAN OR MILITARY STATUS; FAMILIAL STATUS; MARITAL STATUS; SEXUAL ORIENTATION; AGE; PREGNANCY; AND RETALIATION OR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY FOR ALLEGING OR FILING OR PARTICIPATING IN ANY INTERNAL OR EXTERNAL PROCEEDING OR OTHERWISE COMPLAINING OF ANY WRONG RELATING TO THE AFOREMENTIONED CATEGORIES OR ANY PUBLIC POLICY . . . .

*Id.* (emphasis in original).

B. Procedural History

SEHA filed its motion to dismiss and compel arbitration on October 8, 2025, and Plaintiff filed his response on November 6, 2026. [ECF Nos. 28, 32]. On November 20, 2025, United States Magistrate Judge Shiva V. Hodges[2] issued a Report and Recommendation ("R&R") recommending SEHA's motion to compel arbitration be granted, SEHA's motion to dismiss be denied, and this

[2] This matter has since been reassigned to the undersigned. [ECF No. 76].

case be stayed pending arbitration. [ECF No. 37]. On January 8, 2026, Chief United States District Judge Timothy M. Cain entered an order concluding as follows:

> The Court, having reviewed the excellent Report de novo, agrees with the magistrate judge's findings and conclusions rejecting Plaintiff's arguments based on public policy, unconscionability and waiver and, therefore, ADOPTS those portions of the Report. Likewise, the Court ADOPTS the magistrate judge's conclusion that, should Plaintiff's claims be sent to arbitration, the case must be stayed rather than dismissed. However, as stated, the Court also is forced to conclude that the best course is to squarely address Plaintiff's contract formation argument. Accordingly, the Court ADOPTS in part the Report (ECF No. 37) but recommits the matter to the magistrate judge for analysis of the single issue of contract formation. The magistrate judge may, in her discretion, accept limited additional briefing or conduct a hearing on the issue but is not required to do so.

[ECF No. 48].

On January 20, 2026, Plaintiff filed a motion for limited discovery [ECF No. 50], which Judge Hodges granted in part, directing SEHA "to provide Plaintiff with any documents presented to him or signed by him regarding or evidencing his agreement to submit any and all disputes to final and binding arbitration." [ECF No. 52]. Additionally, Judge Hodges granted Defendant's request to conduct a limited deposition of Plaintiff and directed that all discovery be completed by March 25, 2026. *Id.* She further ordered that motions concerning the issue of contract formation be filed by April 15, 2026.

*Id.*

Defendant filed its motion for summary judgment on the issue of contract formation on April 15, 2026, and Plaintiff filed responses on April 17, 2026 and April 20, 2026, and a motion to compel on April 20, 2026.

II. Discussion

A. Plaintiff's Motion to Compel Onboarding Documents

As a preliminary matter, the undersigned addresses Plaintiff's motion to compel all onboarding documents. Plaintiff argues, both in a separate motion to compel and in most of his briefing before the court, that he needs the entire onboarding packet he received on his first day of employment to fully present his argument regarding arbitration. [ECF Nos. 59 at 4; 60 at 12; 61 at 1; 63 at 264 at 4; 70 at 4]. This argument fails for the following reasons.

First, Plaintiff's motion is untimely, as Judge Hodges ordered all limited discovery be completed by March 25, 2026 [ECF No. 52], and Plaintiff did not file his motion until April 20, 2026. Second, it is beyond the scope of Judge Hodges's order, which directed limited discovery regarding documents presented to or signed by Plaintiff relating to arbitration. Further, to the extent Plaintiff argues or believes the Arbitration Agreement is incomplete, such argument is contradicted by the agreement itself. The Arbitration Agreement contains an unambiguous merger clause providing that it is the complete

agreement between Plaintiff and Defendant as to arbitration. Specifically, the Arbitration Agreement states:

> 14. **Entire Agreement**. This Agreement contains the entire agreement and understanding between the parties with respect to the Agreement's subject matter. The Agreement cannot be canceled, modified, or otherwise changed except by another written agreement signed by the Employee and an authorized SEHA representative.

[ECF No. 28-2]. "A merger clause expresses the intention of the parties to treat the writing as a complete integration of their agreement." *Wilson v. Landstrom*, 315 S.E.2d 130, 134 (S.C. Ct. App. 1984); *see also Integration Clause*, Black's Law Dictionary (10th ed. 2014) (also termed a "merger clause," which is defined as "[a] contractual provision stating that the contract represents the parties' complete and final agreement and supersedes all informal understandings and oral agreements relating to the subject matter of the contract").[3]

Although Plaintiff argues that South Carolina law recognizes "where

[3] The facts in this case are distinct from cases where an agreement to arbitrate is one of many provisions within a broader contract. *See e.g., Coady v. Nationwide Motor Sales Corp.*, 32 F.4th 288, 290 (4th Cir. 2022) (reviewing the entire contract where agreement to arbitrate was one provision in a broader contract; *but see Hill v. Peoplesoft USA, Inc.*, 412 F.3d 540 543-44 (4th Cir. 2005) (finding district court was "not allowed to look beyond the separate Arbitration Agreement, signed by the parties, to determine whether the agreement was supported by consideration.")

multiple instruments are executed at the same time, by the same parties, for the same purpose, and in the course of the same transaction, the courts will consider and construe the instruments together." [ECF No. 65 at 4-5]. However, the cases Plaintiff cites for this proposition note that this rule applies "in the absence of anything indicating a contrary intention." *See Klutts Resort Realty, Inc. v. Down'round Development Corp.*, 232 S.E.2d 20, 24 (1977); *Cafe Associates, Ltd. v. Gerngross*, 406 S.E.2d 162, 164 (S.C. 1991). Here, paragraph 14 of the agreement itself specifically indicates the intention that the agreement constitutes the entire agreement. For these reasons, Plaintiff's motion to compel all onboarding documents [ECF No. 61] is denied.

B. Standard of Review

Pursuant to Chief Judge Cain's order, this matter was recommitted to the magistrate judge for analysis of the single issue of contract formation as to the Arbitration Agreement. [ECF No. 48]. SEHA, as the party seeking to enforce the Arbitration Agreement, "bears the initial burden of 'persuading this court that the parties entered into an enforceable arbitration agreement.'" *Gordon v. TBC Retail Grp., Inc.*, No. 2:14-CV-03365-DCN, 2016 WL 4247738, at *5 (D.S.C. Aug. 11, 2016) (quoting *Drake v. Mallard Creek Polymers, Inc.*, No. 3:14-CV-00350-MOC, 2014 WL 7405762, at *1 (W.D.N.C. Dec. 30, 2014)). "If defendant makes such a showing, then 'the burden shifts to the plaintiff to

show that even though there was some written contract, he did not actually agree to it-because the signature was forged, the terms of the contract were misrepresented, or some other reason evincing lack of true agreement.'" *Id.* (quoting *Czopek v. TBC Retail Grp., Inc.*, No. 8:14-CV-675-T-36TBM, 2014 WL 5782794, at *4 (M.D. Fla. Nov. 6, 2014)).

Whether a party agreed to arbitrate a particular dispute is a question of state law governing contract formation. *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 501 (2002) (citing *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)); *see also Rota-McLarty v. Santander Consumer USA, Inc.*, 700 F.3d 690, 699 (4th Cir. 2012) ("The question of whether an enforceable arbitration agreement exists . . . is a matter of contract interpretation governed by state law."). Under South Carolina law, "[a] contract exists where there is an agreement between two or more persons upon sufficient consideration either to do or not to do a particular act." *Hill v. Aaron's, Inc.*, No. 7:18-CV-1892-TMC, 2019 WL 13258466, at *7 (D.S.C. Jan. 7, 2019) (quoting *Carolina Amusement Co. v. Connecticut Nat. Life Ins. Co.*, 437 S.E.2d 122, 125 (S.C. Ct. App. 1993) (internal quotation marks omitted)). The elements of a contract include offer, acceptance and valuable consideration. *Wilson v. Willis*, 786 S.E.2d 571, 579 (S.C. Ct. App. 2016); *see Roberts v. Gaskins*, 486 S.E.2d 771, 773 (S.C. 1997).

C. Analysis

Here, Defendant has shown there was an offer when it provided the Arbitration Agreement to Plaintiff. [ECF No. 55-2 at 13:21-18:5]. Plaintiff also admits that he signed the agreement, indicating acceptance and assent. *Id.* The consideration was the mutual promise to arbitrate combined with offer of employment. "A mutual promise to arbitrate constitutes sufficient consideration for [an] arbitration agreement." *O'Neil v. Hilton Head Hosp.*, 115 F.3d 272, 275 (4th Cir. 1997) (citing *Rickborn v. Liberty Life Ins. Co.*, 468 S.E.2d 292, 300 (S.C. 1996)); *see also Pitt v. Wells Fargo Bank, Nat'l Ass'n*, No. 3:21-CV-3428-JFA-TER, 2022 WL 2068851, at *4 (D.S.C. Apr. 1, 2022) (in addition to continued at-will employment, "a mutual promise to arbitrate constitutes sufficient consideration to underpin an arbitration agreement"), *report and recommendation adopted*, No. 3:21-CV-3428-JFA-TER, 2022 WL 1421120 (D.S.C. May 4, 2022).

Plaintiff first argues that his signature does not mean that he understood the document or that he "that he was voluntarily waiving his right to a judicial forum." [ECF No. 59 at 3]. However, the terms of the agreement specifically stated:

> **Agreement to Submit to Arbitration**. In consideration for and as a material condition of employment with SEHA, final and binding arbitration is the exclusive means for Employees to resolve covered

> claims. SEHA likewise agrees to submit covered claims to arbitration. Employee and SEHA are each waiving their rights to trial by jury in exchange for arbitration. No other action may be brought in court or in any other forum. This Agreement is a waiver of all rights to a civil court action for a covered claim. Only the Arbitrator, not a judge or jury, will decide the claim.

[ECF 55-1 at 1].

Plaintiff also argues that, although he signed the document, there is a question as to whether he understood the terms. "[C]ourts have repeatedly rejected arguments by parties that they should not be held to an agreement that they signed, but did not have or take the time to read and understand." *Beasenburg v. Ultragenyx Pharm. Inc.*, No. 2:22-CV-04022-BHH-JDA, 2023 WL 6638971, at *12 (D.S.C. Feb. 13, 2023) (internal quotation marks omitted) (collecting cases), *report and recommendation adopted*, No. 2:22-CV-4022-BHH, 2023 WL 5993169 (D.S.C. Sep. 15, 2023). Plaintiff stated in his deposition that he did not fully understand the arbitration agreement "but basically that's no fault of anybody else's but my own." [ECF No. 55-2 at 16:23-17:2].

In his deposition and in his briefing, Plaintiff appears to argue that he was compelled to sign the document because it was a condition of employment. However, courts have found that threats of loss of income or future promotions upon a refusal to sign an arbitration agreement are not wrongful threats or

proof of improper pressure overcoming a party's volition. *Hooters of Am., Inc. v. Phillips*, 39 F. Supp. 2d 582, 608 n.25 (D.S.C. 1998), *aff'd and remanded*, 173 F.3d 933 (4th Cir. 1999).

Plaintiff's remaining arguments are beyond the scope of the issue of contract formation that Chief Judge Cain recommitted to the Magistrate Judge and are therefore not discussed in greater detail.[4]

III. Conclusion and Recommendation

For the foregoing reasons, the undersigned denies Plaintiff's motion to compel production of complete onboarding documents [ECF No. 61] and recommends Defendant's motion for summary judgment on the issue of contract formation [ECF No. 55] and Defendant's motion to compel arbitration [ECF No. 28] be granted.

IT IS SO ORDERED AND RECOMMENDED.

s/ Thomas E. Rogers III
Thomas E. Rogers III
United States Magistrate Judge

July 29, 2026
Columbia, South Carolina

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

[4] Plaintiff's remaining arguments include, but are not limited to, that arbitration has not been available in practice, [ECF No. 59 at 6]; arbitration has failed as a functional forum under the FAA, *id.* at 7; Defendant has not in invoked its right to compel arbitration through the FAA, *id.* at 9, and that the agreement is not enforceable.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).