**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ANDERSON/GREENWOOD DIVISION**

| | | |
|---|---|---|
| Aetaekayakalua Shimoyama Riley,<br><br>Plaintiff,<br><br>v.<br><br>Samsung Electronics Home Appliances America, LLC,<br><br>Defendant. | ) | Civil Action No. 8:25-cv-8398-TMC<br><br>**ORDER** |

**Background**

Defendant operates an appliance manufacturing facility in Newberry County, South Carolina, manufacturing washing machine components and assembling washing machines. On or around December 23, 2024, Defendant hired Plaintiff to work as a Process Innovation Technician at its Newberry plant. (ECF No. 17 at 4). During the new-employee onboarding process, Plaintiff signed Defendant's Alternative Dispute Resolution Program, which included a mutual Mediation and Arbitration Agreement. (ECF No. 28-2) ("Arbitration Agreement"). Plaintiff worked at Defendant's plant for slightly over two months. (ECF No. 17 at 4). His employment was terminated on or about March 5, 2025. *Id.* Subsequently, Plaintiff, proceeding *pro se*, brought this action against Defendant, asserting numerous employment-related discrimination claims, including claims for discrimination and retaliation under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq*.; the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*.; Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq*.; and Sections 503 and 504 of the Rehabilitation Act. (ECF No. 17). Plaintiff also asserts a

state law claim for constructive discharge and for violations of South Carolina Human Affairs Law ("SCHAL") S.C. Code Ann. § 1-13-10 *et seq*. (ECF No. 17 at 3).

In accordance with 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e), (g) (D.S.C.), this matter was referred automatically to a United States Magistrate Judge for all pretrial proceedings. Early in the litigation, Defendant filed a motion to dismiss and compel arbitration of Plaintiff's claims based on the Arbitration Agreement signed by Plaintiff. Plaintiff opposed the motion, arguing that statutory discrimination claims such as those asserted in this case cannot be subject to compulsory arbitration; that the arbitration provision is unconscionable—and thus unenforceable; that Defendant waived its ability to arbitrate her claims. The magistrate judge issued a report rejecting these arguments and recommending that the court grant Defendant's motion to compel arbitration of Plaintiff's claims and stay this action. (ECF No. 37).

On January 8, 2026, this court issued an order adopting the magistrate judge's conclusions rejecting Plaintiff's arguments based on public policy, unconscionability and waiver and determining that, if Plaintiff's claims are ultimately sent to arbitration, the case must be stayed rather than dismissed. (ECF No. 48). However, the court noted that the magistrate judge did not address the issue of whether there was mutual assent or meeting of the minds as to arbitration—*i.e.*, whether an underlying arbitration agreement was formed in the first instance. *Id*. at 7. Although Plaintiff failed to clearly articulate this position in his filings before the magistrate judge, the court, "[o]ut of an abundance of caution for Plaintiff's *pro se* status," was "forced to conclude that the best course is to squarely address Plaintiff's contract formation argument." *Id*. at 8. Therefore, the court recommitted the matter to the magistrate judge for analysis of the single issue of contract formation. *Id*.

*Recommitted on Contract Formation Issue*

After the action was recommitted on the issue of contract formation, Plaintiff filed a motion for limited discovery. (ECF No. 50). Plaintiff sought "the production of the complete onboarding documents allegedly forming the basis of Defendant's arbitration argument"; "the complete job-fair packet provided to Plaintiff" even though Plaintiff acknowledged "arbitration was not presented or explained at the job fair"; and "the complete training/onboarding packet executed by Plaintiff, including all attachments, addenda, arbitration provisions, medical disclosure forms, and signature or initial pages." (ECF No. 50 at 4–5). In response, Defendant consented to Plaintiff's request to the extent it was related to the formation and existence of an agreement to submit any disputes to arbitration. (ECF No. 51 at 4). Additionally, Defendant requested leave to conduct a limited deposition of Plaintiff regarding these issues. The magistrate judge issued an order granting Plaintiff's motion in part, directing Defendant "to provide Plaintiff with any documents presented to him or signed by him regarding or evidencing his agreement to submit any and all disputes to final and binding arbitration," and allowing Defendant to conduct a limited deposition of Plaintiff. (ECF No. 52). The parties were ordered to complete such limited discovery by March 25, 2026, and to file any motions regarding the single issue of contract formation by April 15, 2026.

According to Defendant, it provided Plaintiff with a copy of the Arbitration Agreement on March 9, 20206, and confirmed it had produced all documents responsive to the magistrate judge's directive by March 11, 2026. (ECF No. 55 at 3). Defense counsel also took Plaintiff's limited deposition on March 23, 2026. *Id.* On April 15, 2026, Defendant filed the instant motion for summary judgment on the issue of contract formation. (ECF No. 55). Plaintiff filed a response in opposition, (ECF Nos. 59 and 60), to which Defendant filed a reply, (ECF No. 62). Plaintiff also subsequently filed a "motion to compel" the "full onboarding package," arguing that the materials

produced pursuant to the magistrate judge's order are insufficient for a determination of the issue of contract formation. (ECF No. 61). Defendant opposed the motion to compel on the grounds that it was untimely and sought documents that exceed the scope of the magistrate judge's order at ECF 52: "Plaintiff has made no showing whatsoever that any of the documents in the "complete onboarding packet," besides the Arbitration Agreement, make any reference to, or evidence, Plaintiff's agreement to arbitrate. To the contrary, he merely alleges, without any support or authority [that the entire onboarding packet is necessary] . . ." (ECF No. 64 at 6).

*Order and Report and Recommendation*

On July 29, 2026, the magistrate judge issued the Order and Report and Recommendation (the "Report") that is presently before the court. (ECF No. 78). With respect to Plaintiff's non-dispositive motion to compel, (ECF No. 61), the magistrate judge concluded the motion was untimely; the motion sought discovery beyond the scope of Magistrate Judge Hodges order directing limited discovery regarding documents presented to or signed by Plaintiff relating to arbitration; and, "to the extent Plaintiff argues or believes the Arbitration Agreement is incomplete, such argument is contradicted by the agreement itself" based on its "unambiguous merger clause." (ECF No. 78 at 6–8). Accordingly, the magistrate judge denied Plaintiff's eleventh-hour motion to compel.

The magistrate judge then addressed the issue for which this matter was recommitted: contract formation. *Id*. at 8–12. Applying South Carolina contract law without objection from the parties, the magistrate judge concluded all of the elements of a contract—offer, acceptance and valuable consideration—exist here with respect to an agreement to arbitrate:

> . . . Defendant has shown there was an offer when it provided the Arbitration Agreement to Plaintiff. [ECF No. 55-2 at 13:21-18:5]. Plaintiff also admits that he signed the agreement, indicating acceptance and assent. *Id*. The consideration was the mutual promise to arbitrate combined with offer of employment. "A mutual

> promise to arbitrate constitutes sufficient consideration for [an] arbitration agreement." *O'Neil v. Hilton Head Hosp.*, 115 F.3d 272, 275 (4th Cir. 1997) (citing *Rickborn v. Liberty Life Ins. Co.*, 468 S.E.2d 292, 300 (S.C. 1996)); *see also Pitt v. Wells Fargo Bank, Nat'l Ass'n*, No. 3:21-CV-3428-JFA-TER, 2022 WL 2068851, at *4 (D.S.C. Apr. 1, 2022) (in addition to continued at-will employment, "a mutual promise to arbitrate constitutes sufficient consideration to underpin an arbitration agreement"), *report and recommendation adopted*, No. 3:21-CV-3428-JFA-TER, 2022 WL 1421120 (D.S.C. May 4, 2022).
>
> Plaintiff first argues that his signature does not mean that he understood the document or that he "that he was voluntarily waiving his right to a judicial forum." [ECF No. 59 at 3]. However, the terms of the agreement specifically stated:
>
>> **Agreement to Submit to Arbitration**. In consideration for and as a material condition of employment with SEHA, final and binding arbitration is the exclusive means for Employees to resolve covered claims. SEHA likewise agrees to submit covered claims to arbitration. Employee and SEHA are each waiving their rights to trial by jury in exchange for arbitration. No other action may be brought in court or in any other forum. This Agreement is a waiver of all rights to a civil court action for a covered claim. Only the Arbitrator, not a judge or jury, will decide the claim.
>>
>> [ECF 55-1 at 1].
>
> Plaintiff also argues that, although he signed the document, there is a question as to whether he understood the terms. "[C]ourts have repeatedly rejected arguments by parties that they should not be held to an agreement that they signed, but did not have or take the time to read and understand." *Beasenburg v. Ultragenyx Pharm. Inc.*, No. 2:22-CV-04022-BHH-JDA, 2023 WL 6638971, at *12 (D.S.C. Feb. 13, 2023) (internal quotation marks omitted) (collecting cases), *report and recommendation adopted*, No. 2:22-CV-4022-BHH, 2023 WL 5993169 (D.S.C. Sep. 15, 2023). Plaintiff stated in his deposition that he did not fully understand the arbitration agreement "but basically that's no fault of anybody else's but my own." [ECF No. 55-2 at 16:23-17:2].
>
> In his deposition and in his briefing, Plaintiff appears to argue that he was compelled to sign the document because it was a condition of employment. However, courts have found that threats of loss of income or future promotions upon a refusal to sign an arbitration agreement are not wrongful threats or proof of improper pressure overcoming a party's volition. *Hooters of Am., Inc. v. Phillips*, 39 F. Supp. 2d 582, 608 n.25 (D.S.C. 1998), *aff'd and remanded*, 173 F.3d 933 (4th Cir. 1999).

(ECF No. 78 at 10–12). Accordingly, the magistrate judge recommended the court grant both Defendant's motion for summary judgment on the issue of contract formation and Defendant's motion to compel arbitration. *Id*. at 12.

On August 5, 2026, Plaintiff filed 30 pages of objections to the Report. (ECF No. 80). The matter is ripe for review.

**Standard of Review**

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting

the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

**Discussion**

**Objections pertaining to the magistrate judge's denial of Plaintiff's motion to compel.**

Plaintiff raises numerous objections to the magistrate judge's denial of his motion to compel. (ECF No. 61). These include objections number one, (ECF No. 80 at 4); four, (ECF No. 80 at 9); seven, (ECF No. 80 at 12); eight, (ECF No. 80 at 15); eleven, (ECF No. 80 at 19); twelve, (ECF No. 80 at 20).

In general, magistrate judges may rule on nondispositive pretrial matters, such as discovery motions. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "When reviewing a magistrate judge's order on a nondispositive matter, the district court may modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." *McCree v. Chester Police Dep't*, No. 0:20-cv-00867-JMC, 2021 WL 3711098, at *4 (D.S.C. Aug. 20, 2021); see Rodriguez v. Powell, 853 F. App'x 613, 618 (11th Cir. 2021) ("District judges 'must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.'" (quoting Fed. R. Civ. P. 72(a))). *See* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.").

The court has carefully considered Plaintiff's motion to compel, (ECF No. 61), Defendant's response in opposition (ECF No. 64), Plaintiff's reply (ECF No. 65), as well as various other filings

relating to other legal issues but containing random arguments about the "onboarding documents." *See* (ECF Nos. 63 and 70). The court agrees that the discovery sought in his motion to compel—for example onboarding documents relating to medical disclosures—are beyond the scope of Magistrate Judge Hodge's limited discovery order. Plaintiff presented no basis under Rule 37 for compelling the production of the information he wants. The court is unable to discern any clear error or any other basis for disturbing the magistrate judge's denial of Plaintiff's nondispositive motion to compel at ECF No. 61. Accordingly, the objections listed above are all overruled.

**Objections pertaining to the Report's analysis and recommendation regarding summary judgment as to contract formation issue.**

In his second objection, (ECF No. 80 at 5), Plaintiff complains about the magistrate judge's recitation of background facts in the Report to the extent it states Plaintiff was terminated "for attitude violations." Plaintiff contends his absences were all "medically excused" and that he was in compliance with attendance requirements. This objection is wholly irrelevant to the matters addressed in the Report and currently before the court. Plaintiff's objection goes to the underlying discrimination claims, not to the question of whether such claims must go to arbitration. The objection has no bearing on the issue presently before the court, and it is overruled.

In Plaintiff's third and fifth objections, even though he admits signing the document entitled "Alternative Dispute Resolution Program" and subtitled "Mediation and Arbitration Agreement," (ECF No. 55-1), Plaintiff seems to argue the magistrate judge improperly relied on that signature to find the element of acceptance. (ECF No. 80 at 7). From what the court can glean, Plaintiff contends that despite his signature, Defendant must proffer evidence showing the terms of the Arbitration Agreement were each negotiated and accepted separately. In other words, Plaintiff's position is that he signed it but cannot necessarily be held to the terms of the agreement

he signed. This objection is overruled. *Beasenburg v. Ultragenyx Pharm. Inc.*, No. 2:22-cv-04022-BHH-JDA, 2023 WL 6638971, at *12 (D.S.C. Feb. 13, 2023) (concluding arbitration agreement existed under South Carolina law and stating that "courts have repeatedly rejected arguments by parties that they should not be held to an agreement that they signed, but did not have or take the time to read and understand" (internal quotation marks omitted)), *report and recommendation adopted*, No. 2:22-cv-4022-BHH, 2023 WL 5993169 (D.S.C. Sept. 15, 2023).[1]

In Plaintiff's sixth objection, he complains that the magistrate judge cited and relied upon portions of his deposition testimony in determining an agreement to arbitrate exists. (ECF Nos. 78 at 10–11; 80 at 11). In the Report, the magistrate judge highlights portions of Plaintiff's deposition indicating he had a chance to read over the documents and did so to the best of his ability, that he signed everything in the pack, and admitted that to the extent he did not fully understand the arbitration agreement, "basically that's no fault of anybody else's but my own." (ECF No. 78 at 11 (citing ECF No. 55-2 at 16:23-17:2)). Plaintiff seems to suggest that because he is not a lawyer, the deposition testimony should be ignored or discounted for purposes of determining whether an arbitration agreement existed. This objection is overruled. In the testimony cited in the Report, Plaintiff was not offering a legal conclusion or opinion. He was simply testifying about the circumstances surrounding his signing of the arbitration agreement.

In Plaintiff's ninth and tenth objections, Plaintiff complains that his "take-home" packet of documents for him to keep for later review after the onboarding process did not include a copy of the Arbitration Agreement. (ECF No. 80 at 16). Plaintiff signed the Arbitration Agreement during

---

[1] To the extent Plaintiff contends, citing to page 10 of the Report, that the magistrate judge has mischaracterized his argument, (ECF No. 80 at 11), the court disagrees. The magistrate judge's characterization was based upon the words used by Plaintiff in his "response to Defendant's purported arbitration agreement," (ECF No. 59 at 3), and the Report reasonably summarizes Plaintiff's position which has been a moving target throughout this action.

the onboarding process; what materials he took home after the completion of onboarding are not relevant to the issue of contract formation. Plaintiff also objects to the Report on the grounds that Defendant omitted his disability disclosures from its limited production of documents pursuant to Magistrate Judge Hodges' order. Plaintiff has failed to explain the relevance of such documents to the narrow issue before the court. These objections are overruled.

Next, the court overrules Plaintiff's objection (Plaintiff's fourteenth objection) to the Report on the grounds that there was nothing before the magistrate judge supporting the conclusion that he "refused" to arbitrate as required by 9 U.S.C. § 4 ("[A] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement."). (ECF No. 80 at 23–25). This objection is beyond the scope of the contract formation issue recommitted by the court. And, in any event, Plaintiff filed this action and has fought against sending his claims to arbitration for over a year in federal court. That qualifies as refusal to arbitrate. *Flowers v. AWP, Inc.*, No. 5:21-cv-211, 2022 WL 22826980, at *3 (N.D.W. Va. Mar. 15, 2022) ("[B]ecause Plaintiff Serzynski filed a Complaint in the above-styled case, this constitutes his refusal to arbitrate the dispute.").[2]

As to Plaintiff's objections suggesting a jury trial is required here to resolve the issue of contract formation, (ECF No. 80 at 26–27), the court disagrees. A district court is obliged to conduct a trial "when a party unequivocally denies 'that an arbitration agreement exists,' and 'show[s] sufficient facts in support' thereof." *Berkeley Cnty. Sch. Dist. v. Hub Int'l Ltd.*, 944 F.3d 225, 234 (4th Cir. 2019) (quoting *Chorley Enters., Inc. v. Dickey's Barbecue Rests., Inc.*, 807 F.3d

[2] Plaintiff's fifteenth objection seems to address not the contract formation issue but the question of whether the existing Arbitration Agreement should not be enforced because it is unconscionable. The court has considered and rejected such arguments in its previous order. (ECF No. 48 at 6–8).

553, 564 (4th Cir. 2015)). To decide whether "sufficient facts" support a party's denial of an agreement to arbitrate, the court employs a standard akin to the summary judgment test. *Chorley Enters., Inc.*, 807 F.3d at 564; The court should conduct a trial on the motion to compel arbitration only if the record reveals a genuine dispute of material fact "regarding the existence of an agreement to arbitrate." *See Chorley Enters., Inc.*, 807 F.3d at 564; 9 U.S.C. § 4. A factual dispute is material if the resolution thereof "might affect the outcome of the [motion] under the governing law." *Berkeley Cnty. Sch. Dist.*, 944 F.3d at 234 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The court concludes Plaintiff has failed to produce sufficient facts to support any dispute of material fact as to whether he agreed to arbitrate. In deposition testimony, Plaintiff agreed he read and signed the Arbitration Agreement during the onboarding process, (ECF No. 55-2 at 5 (Dep., p. 16, lines 13-18)), and he agreed and understood that his signing was a condition of employment, *id*. at 6 (Dep., p. 18, lines 1-5, p. 19, line 22-24). Ultimately, Plaintiff conceded that he and Defendant "reached an agreement to arbitrate covered disputes." *Id*. at 10 (Dep., p. 37, lines 15-22). Accordingly, objections sixteen and seventeen are overruled as well.[3]

Finally, the court has reviewed *every objection* to the magistrate judge's summary judgment analysis and recommendations under a *de novo* standard; the decision not to specifically address every argument potentially advanced expressly or implicitly in Plaintiff's filings shall not be construed as a failure by the court to *consider* such objections.

---

[3] As to Plaintiff's request that the court stay rather than dismiss this action pending arbitration, the court previously adopted the magistrate judge's conclusion that the case must be stayed rather than dismissed. *See* (ECF No. 48 at 8). This action will be stayed while Plaintiff pleads his case before the arbitrator.

## Conclusion

Accordingly, the court hereby ADOPTS the Report of the magistrate judge, (ECF No. 78). Defendant's motion for summary judgment on the issue of contract formation, (ECF No. 55), is **GRANTED**. The magistrate judge's denial of Plaintiff's motion to compel is **AFFIRMED**. Moreover, for the reasons set forth in this court's previous order, (ECF No. 48), and in light of the conclusions in today's order, the court **GRANTS** Defendant's motion to compel arbitration, (ECF No. 28). As previously stated, (ECF No. 48), this action is **STAYED** pending arbitration.

**IT IS SO ORDERED**.

s/Timothy M. Cain
Chief United States District Judge

August 27, 2026
Greenville, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.